631 So.2d 192 (1994)
Douglas Paul DUFOUR
v.
Lee Ann DUFOUR.
No. 92-CA-0282.
Supreme Court of Mississippi.
January 27, 1994.
Dan R. Wise, Hattiesburg, for appellant.
Ralph L. Peeples, Hobbs Hobbs & Peeples, Brookhaven, for appellee.
*193 Before DAN M. LEE, P.J., and SULLIVAN and PITTMAN, JJ.
PITTMAN, Justice, for the Court:

STATEMENT OF THE CASE
Doug and Lee Ann Dufour agreed to a divorce on the ground of irreconcilable differences. They permitted the lower court to decide the issues of alimony and child support. The chancellor ordered Doug to pay $800.00 per month for child support and $600.00 per month for 30 months for periodic transitional alimony. Feeling aggrieved, Doug appealed assigning the following errors:
I. THE CHANCELLOR COMMITTED MANIFEST ERROR IN AWARDING AN EXCESSIVE AMOUNT TO BE PAID AS CHILD SUPPORT.
II. THE CHANCELLOR COMMITTED MANIFEST ERROR IN AWARDING ALIMONY.

STATEMENT OF FACTS
Doug and Lee Ann were married on February 14, 1987. They had one child, Jessica Dufour, born on December 17, 1987. Doug had two children from a previous marriage, Christopher Dufour, born on October 31, 1976, and Sarah Dufour, born on August 15, 1979. Doug paid child support for Christopher and Sarah in the amount of $833.00 per month ($400.00 per child plus $33.00 for an insurance policy) pursuant to a Texas divorce decree. The Texas divorce decree provided that Doug must continue to pay the child support until any child reaches the age of 18 years.
Doug and Lee Ann separated on June 23, 1991. Lee Ann filed a complaint for divorce on the ground of irreconcilable differences on June 26, 1991. She later amended her complaint alleging habitual cruel and inhuman treatment. Later, they agreed to a divorce on the ground of irreconcilable differences and permitted the lower court to decide the issues of alimony and child support.
At the time of trial, Doug had been self-employed for nine months as a safety consultant. Prior to that time, he had been employed as an operations manager for Herring Gas Company in Brookhaven, Mississippi. As a safety consultant, Doug dealt with companies involved in the transportation of hazardous materials that have to comply with government regulations. Doug introduced documents which indicated that his gross monthly income as a safety consultant amounted to approximately $5,856.00. Doug also introduced an estimate of his monthly take home pay and expenses. According to Doug, his net take home pay was approximately $5,075.00 per month and his total personal expenses, including child support for Christopher and Sarah, amounted to approximately $2,539.00. Thus, Doug was left with approximately $2,536.00 at the end of each month to pay for Jessica's child support ($800.00), Lee Ann's alimony ($600.00), and his business expenses (estimated at $2,885.00 ($25,966/9) per month).
Lee Ann was employed as a secretary. Although Lee Ann had completed four years of college, she did not graduate. She did complete a two-year program at Kilgore College, a community college, where she received an associate degree. Lee Ann introduced an estimate of her monthly take home pay and expenses. According to Lee Ann, her monthly take home pay amounted to $896.00 and her expenses totaled approximately $2,843.00. Thus, her expenses exceeded her income by $1,947.00 per month.
The chancellor ordered Doug to pay $800.00 per month for child support and $600.00 per month for 30 months for periodic alimony. He also ordered Doug to maintain hospitalization insurance for Jessica and pay all medical bills not covered by insurance. Doug was also allowed to claim Jessica as an exemption for income tax purposes. Doug appealed the chancellor's decision to this Court.

LAW

I. THE CHANCELLOR COMMITTED MANIFEST ERROR IN AWARDING AN EXCESSIVE AMOUNT TO BE PAID AS CHILD SUPPORT.
Doug contends that the award of $800.00 per month in child support was excessive *194 based on his income. In the final divorce decree, the chancellor did not make any specific finding as to Doug's income. The chancellor also did not make any reference to the child support guidelines. See Miss. Code Ann. § 43-19-101 (Supp. 1992). The guidelines "shall be a rebuttable presumption in all judicial or administrative proceedings regarding the awarding or modifying of child support awards in this State... ." Miss. Code Ann. § 43-19-101(1). Furthermore, the guidelines "apply unless the judicial or administrative body awarding or modifying the child support award makes a written finding or specific finding on the record that the application of the guidelines would be unjust or inappropriate in a particular case as determined under the criteria specified in Section 43-19-103." Miss. Code Ann. § 43-19-101(2) (emphasis added). Finally, Section 43-19-101(4) provides that:
[i]n cases in which the adjusted gross income as defined in this section is more than Fifty Thousand Dollars ($50,000.00) or less than Five Thousand ($5,000.00), the court shall make a written finding in the record as to whether or not the application of the guidelines established in this section is reasonable.

(emphasis added).
Doug maintains that since the chancellor did not make specific income findings nor explain his child support award that we must assume that the chancellor used the guidelines in determining the amount of money to be awarded for child support. In Thurman v. Thurman, 559 So.2d 1014 (Miss. 1990), this Court held that "a judicial award making a written or a specific finding different from the guidelines defeats the presumption and leaves, as this Court believes the Legislature intended in the normal case, child support determination in the hands of the customary chancery court proceeding." Id. at 1017. Without such a finding the presumption provided by statute is not overcome. However, in the case sub judice the child support awarded is greater than the amount the guidelines would provide. We have said, "[a]n award of child support is a matter within the discretion of the chancellor and we will not reverse that determination unless the chancellor was manifestly wrong in his finding of fact or manifestly abused his discretion." Gillespie v. Gillespie, 594 So.2d 620, 622 (Miss. 1992). Furthermore, "[t]he process of weighing evidence and arriving at an award of child support is essentially an exercise in fact-finding, which customarily significantly restrains this Court's review." Id.
This Court set out the factors for a chancellor to consider in child support and alimony cases in Brabham v. Brabham, 226 Miss. 165, 84 So.2d 147 (1955):
(1) the health of the husband and his earning capacity;
(2) the health of the wife and her earning capacity;
(3) the entire sources of income of both parties;
(4) the reasonable needs of the wife;
(5) the reasonable needs of the child;
(6) the necessary living expenses of the husband;
(7) the estimated amount of income taxes the respective parties must pay on their incomes;
(8) the fact that the wife has the free use of the home, furnishings and automobile, and
(9) such other facts and circumstances bearing on the subject that might be shown by the evidence.
Id. at 176, 84 So.2d at 153.
The proof in this case speaks to the health of the parties, the income of the parties and the liabilities of each, however, the court does not relate in its decree or otherwise the proof of financial ability to the award, nor does the court make findings with regard to the needs of the child, so that we are not aware of the basis of the award. The award apparently is not based upon the application of the guidelines because the award exceeds the guidelines. There is also no finding contrary to the guidelines, so that the guideline presumption is not overcome. In Bland v. Bland, 629 So.2d 582 (Miss. 1993), this Court in affirming the Chancellor's award of lump sum alimony stated in part that: "[a]s the chancellor indeed made an award of lump sum alimony and did not mention on the record the lack of financial statements, it can *195 be assumed that the requirement of such financial statements was properly excused in this case. See Pace v. Owens, 511 So.2d 489, 492 (Miss. 1987) (when no specific findings of fact, this Court assumes trial court made determinations sufficient to support its judgment)." Bland, 629 So.2d at 587 (Miss. 1993). Bland is distinguishable in that it did not deal with children or child support. In the case sub judice, we must consider the effect and the resulting requirements caused by Section 43-19-101(4).
We have held that the guidelines do not control per se, however, in this record there does not appear to be any reason that Doug should have to pay more than 14% of his adjusted gross income as provided by the guidelines. In determining child support, the final decree failed to show what the chancellor based his award of child support on. Child support in the amount of $800.00 per month for a child that is now six years old seems to be excessive given Doug's financial situation unless the evidentiary support is clearly present to justify the award. Further, the court made no finding as to Doug's financial ability.
In the case sub judice, the chancellor made no specific finding with respect to Doug's income. For us to justify the award we would have to deal in pure speculation to undergird the chancellor's finding. This we cannot do. Based on the fact that the child support award is greater than the amount recommended by the guidelines and not supported by the record or the chancellor's findings, the child support award should be reversed and remanded. On remand, the chancellor's findings must be more specific with respect to Doug's income and expenses. If the chancellor would make more on the record findings as to why he decides an issue or fact a certain way it would greatly decrease the chances of reversal of the decision by this Court.

II. THE CHANCELLOR COMMITTED MANIFEST ERROR IN AWARDING ALIMONY.
Doug contends that the chancellor erred in awarding Lee Ann alimony. Doug argues that Lee Ann is not entitled to any alimony because she has a separate estate of at least $5,500.00 in cash and her gross monthly income is $1,100.00. Doug also points out that he had to pay off the balance due on the marital home, pay attorney's fees and pay off the $2,000.00 balance due on Lee Ann's credit card.
In determining alimony, the chancellor must consider the factors set out in Brabham. In light of the analysis of the Brabham factors as discussed above, the award of alimony was appropriate. Lee Ann only nets $896.00 per month and her monthly expenses total $2,843.00. She needs alimony just to provide for necessities such as rent and food.
The chancellor awarded Lee Ann $600.00 per month in the form of "periodic transitional alimony", for 30 months or 2 1/2 years. What the chancellor referred to in part as "periodic" alimony, was in actuality a lump sum form of payment  payable in fixed periodic installments. "When the judgment is worded so that we cannot tell whether the award is periodic or lump sum, we will consider that the award is for periodic." Armstrong v. Armstrong, 618 So.2d 1278, 1281 (Miss. 1993). However, this does not preclude this Court from determining that the award is in the form of lump sum alimony. This Court looks "to the substance of the provision and not the label." Armstrong, 618 So.2d at 1281, citing Maxcy [v. Estate of Maxcy, 485 So.2d 1077, 1078 (Miss. 1986)]. Based on the duration of this marriage, the age of the parties and the current financial positions of each, the award appears to be a very practical and desirable approach to this question. Finally, the amount of alimony awarded was not excessive and certainly could not in any way suggest manifest error. Thus, the chancellor did not err in awarding alimony.

CONCLUSION
The child support award of $800.00 per month for a six year old child which is not undergirded with specific and complete findings by the chancellor and which does not comport with the child support guidelines certainly should not exceed those guidelines. Where such is the case, this Court will reverse. We could reverse and impose the *196 guideline's suggested amount, but in the case at hand we find the better solution to be that the child support award should be reversed and remanded for more specific findings regarding Doug's income and expenses and the needs of the child. Further, the award of alimony should be affirmed. It was not an abuse of discretion to award alimony in the amount of $600.00 per month for 30 months based on Lee Ann's income and expenses.
AFFIRMED IN PART. REVERSED AND REMANDED IN PART.
HAWKINS, C.J., and DAN M. LEE and PRATHER, P.JJ., SULLIVAN, BANKS, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.
McRAE, J., concurs in result only.