DIAZ, J., for the Court:
¶ 1. Melissa and Daniel Delozier were granted a divorce on the grounds of irreconcilable differences. Melissa appeals the terms of the chancellor’s order (1) awarding *986 joint physical custody of the minor child to both Melissa and Daniel, (2) requiring Melissa to pay a sum of child support which violated the Mississippi child support award guidelines, and (3) requiring Melissa to obtain an appraisal establishing the value of the marital home. Finding error only in the chancellor’s award of child support, we reverse and remand for proceedings consistent with this opinion.
FACTS
¶ 2. Melissa and Daniel Delozier were granted a divorce on May 28, 1997. The chancellor determined that since Daniel worked from Thursday evening until Sunday each week and since Melissa was enrolled in school, that the best arrangement for child custody would be to place Dakota, the minor child of the marriage, with Melissa each weekend and with Daniel each week during the school year. Melissa would also have physical custody of Dakota during the entire summer vacation, except for the first and last week of summer vacation and the first week of July, at which time Dakota would be with Daniel. Although at the time of the divorce, Melissa was living four hours away from where the parties had previously resided and the custody arrangement would require Melissa and Daniel to travel a great distance each week, the chancellor concluded that the situation warranted such an arrangement. The chancellor then determined that Melissa should pay $100 per month in child support from August until May of each year and Daniel should pay $100 in child support during the months of June and July. The court also directed both Melissa and Daniel to maintain health insurance coverage on Dakota. Finally, in response to the parties’ motion to alter the judgment, the chancellor ordered the parties to either reach an agreement concerning the division of the marital home or, in the alternative, for Melissa to submit an appraisal to the court establishing the value of the home. Melissa appealed the chancellor’s order to this Court.
DISCUSSION
I. DID THE CHANCELLOR ERR IN AWARDING JOINT PHYSICAL CUSTODY?
¶ 3. The supreme court has repeatedly held that “[t]he polestar consideration in custody matters is the best interest and welfare of the child.” Mercier v. Mercier, 717 So.2d 304 (¶ 10) (Miss.1998). In any child custody proceeding, the chancellor must consider (1) the age, health, and sex of the child; (2) which parent has had the continuity of care prior to the separation; (3) the parties’ parenting skills and their willingness and capacity to provide primary child care; (4) the parents’ employment and responsibilities of that employment; (5) the physical and mental health and the age of the parents; (6) the emotional ties of the parents and the child; (7) the moral fitness of the parents; (8) the home, school, and community record of the child; (9) the child’s preference, if the child is at such an age as the law permits to express a preference; (10) the stability of the home and the employment of each parent; and (11) other factors relevant to the parent-child relationship. Albright v. Albright, 437 So.2d 1003, 1005 (Miss.1983). It is clear from a careful review of the chancellor’s order that he considered the Albright factors before rendering his decision that both Melissa and Daniel should share joint physical custody of Dakota, their minor child.
¶ 4. Melissa also complains that the chancellor erred in separating Dakota from his half-brother, Dustin, who lives primarily with Melissa. While we recognize that courts should attempt to keep siblings together when possible, “[t]here is no per se rule against the separation of children.” Bowen v. Bowen, 688 So.2d 1374, 1380 (Miss.1997). Although the custody arrangement in this case is far from ideal in light of the fact that Melissa, Daniel, and Dakota will be forced to travel a great distance each week and that Dakota will often be separated from his half-brother, there appears to be no better solution considering Daniel’s work schedule and the fact that Melissa and Daniel now live four hours apart. Furthermore, child custody matters are solely within the chancellor’s discretion, and this Court will not reverse absent a finding that the chancellor was manifestly wrong, clearly erroneous, or applied an erroneous legal standard. *987 M.C.M.J. v. C.E.J., 715 So.2d 774 (¶ 10) (Miss.1998). Because we find no error in the chancellor’s decision to award joint physical custody of Dakota to both Melissa and Daniel, we decline Melissa’s invitation to reverse on this issue.
II. DID THE CHANCELLOR ERR IN DISREGARDING THE MISSISSIPPI CHILD SUPPORT AWARD GUIDELINES?
¶ 5. Melissa next argues that the chancellor’s order requiring her to pay $100 in child support from August through May of each year and Daniel to pay $100 in child support during the months of June and July was in direct violation of the Mississippi child support award guidelines. According to the statute, the non-custodial parent of one child should pay 14% of his or her adjusted gross income in child support unless the chancellor makes a written or specific finding that the application of the guidelines would be inappropriate. Miss.Code Ann. § 43-19-101(1), (2) (Rev.1993). Furthermore, in cases in which the parent earns less than $5,000 or more than $50,000 in adjusted gross income, the chancellor must make a written finding as to whether or not the guidelines are reasonable. Miss.Code Ann. § 43-19-101(4) (Rev.1993). At the time the divorce was granted in this case, Melissa was enrolled in nursing school and had no income other than food stamps and child support from a previous marriage, while Daniel was gainfully employed with an annual adjusted gross income of approximately $29,000.
¶ 6. In reaching his decision as to the proper amount of child support, the chancellor declined to comply with the applicable statutes and failed to make a written finding as to his reasons for disregarding the guidelines. Therefore, on October 22, 1998, we ordered the chancellor to provide written findings relative to the child support award of $100. The chancellor responded as follows: “There is no exact mathematical precision to this decision, but, considering all of the financial information available to the court and the circumstances of the parents, the circumstances of Dakota, this amount is fair and appropriate.”
¶ 7. We find the chancellor’s explanation to be woefully incomplete. Even when ordered to do so, he again failed to acknowledge the statutory guidelines. Thus, we are faced with no other alternative but to reverse the chancellor’s child support award and remand for a determination of the appropriate amount of child support to be awarded pursuant to Miss.Code Ann. § 43-19-101 (Rev. 1993). On remand, the chancellor’s findings must be more specific with respect to both Melissa’s and Daniel’s incomes. As the Mississippi Supreme Court has stated, “[i]f the chancellor would make more on the record findings as to why he decides an issue or fact a certain way it would greatly decrease the chances of reversal of the decision by this Court.” Clausel v. Clausel, 714 So.2d 265 (¶ 8) (Miss.1998) (quoting Dufour v. Dufour, 631 So.2d 192, 195 (Miss.1994)).
¶ 8. Melissa also argues that the chancellor erred in requiring both her and Daniel to maintain health insurance coverage on Dakota. Our scope of review in matters concerning domestic relations is controlled by the substantial evidence/manifest error rule. Tillman v. Tillman, 716 So.2d 1090 (¶ 14) (Miss.1998). Finding no error in the chancellor’s order requiring both parties to provide for Dakota’s health insurance, we dismiss this assignment of error as lacking in merit.
III. DID THE CHANCELLOR ERR IN REQUIRING MELISSA DELOZIER TO OBTAIN AN APPRAISAL IN ORDER TO ESTABLISH THE VALUE OF THE MARITAL HOME?
¶ 9. “Property division should be based upon a determination of fair market value of the assets, and these valuations should be the initial step before determining division. Therefore, expert testimony may be essential to establish valuation sufficient to equitably divide property....” Turpin v. Turpin, 699 So.2d 560 (¶ 16) (Miss.1997) (quoting Ferguson v. Ferguson, 639 So.2d 921, 929 (Miss.1994)). By requiring Melissa to obtain an appraisal on the marital home, the chancellor was merely making certain that he would have the information necessary to render a fair and equitable property division. Accordingly, we refuse to hold the chancellor in *988 error for requiring expert valuation of the marital home.
¶ 10. THE JUDGMENT OF THE FRANKLIN COUNTY CHANCERY COURT IS REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS OF THIS APPEAL ARE ASSESSED AGAINST THE APPELLEE.
BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, HERRING, HINKEBEIN, KING, PAYNE AND SOUTHWICK, JJ., CONCUR.