## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-CA-00085-SCT

*GARY DANIEL CLAUSEL*

*v.*

*BARBARA LYNNE CLAUSEL*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/27/96 |
| TRIAL JUDGE: | HON. PERCY LEE LYNCHARD, JR. |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | DAVID CLAY VANDERBURG |
| ATTORNEY FOR APPELLEE: | H. R. GARNER |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | REVERSED AND REMANDED - 6/4/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 6/25/98 |

**BEFORE SULLIVAN, P.J., ROBERTS AND WALLER, JJ.**

**ROBERTS, JUSTICE, FOR THE COURT:**

### STATEMENT OF THE CASE

¶1. Barbara Lynne Clausel, the appellee, filed a Complaint for Divorce and Amended Complaint for Divorce on the 12th of January, 1996. The Appellant, Gary Daniel Clausel, filed a pro se Answer and subsequently employed counsel to represent him and filed an Amended Answer and Counter-Complaint for Divorce. This matter came to trial on October 17, 1996. The Chancery Court entered an Opinion of the Court on November 8, 1996 and subsequent thereto a Judgment of Divorce was entered. Post-trial motions were denied by the Court. Gary, being aggrieved of the decision of the Chancery Court, perfected an appeal to this Court alleging the following issue:

> I. **WHETHER THE COURT ERRED IN ORDERING GARY CLAUSEL TO PAY AN AMOUNT OF CHILD SUPPORT UNTO BARBARA CLAUSEL WHICH IS IN EXCESS OF THE STATUTORY GUIDELINES SET FORTH IN MISS. CODE ANN. § 43-19-101?**

### STATEMENT OF THE FACTS

¶2. The parties were married on June 27, 1976, and separated in DeSoto County, Mississippi on December 30, 1995. Two children were born unto the marriage: Craig Alan Clausel, a male child born March 19, 1981, age 15; and Cheryl Alaine Clausel, a female child born July 3, 1989, age 7. Barbara Clausel was awarded the marital residence for the benefit of her and the two minor children, of whom she was awarded custody. The children had been in Barbara's custody since the couple's separation.

¶3. Both Gary and Barbara were gainfully employed at the time of separation and at the court hearing. Barbara was employed full-time with Pittman and Associates, where her gross monthly income was $1,906.74. Her net monthly income was $1,330.66. This was reflected on the Financial Statement made a part of the record and made Exhibit 1 to the testimony. Gary was employed with Southern Cotton Oil Company, a division of Archer Daniels Services Midland Company, and Sanitors Southwest, Inc, and his gross monthly income was $1,416.70. His net monthly take home pay was $1, 101. 40. This was reflected by his Financial Statement, made a part of the record marked Exhibit 2 to his testimony.

¶4. The court ordered Gary to pay child support to Barbara and other obligations either directly or indirectly to her. The amount of child support was $750.00 per month to be paid by Gary to Barbara. The court also ordered Gary to maintain hospitalization insurance for their two children and to pay all medical bills not covered by insurance. The parties stipulated as to the grounds for divorce of irreconcilable differences.

**DISCUSSION OF THE ISSUES**

### I. WHETHER THE COURT ERRED IN ORDERING GARY CLAUSEL TO PAY AN AMOUNT OF CHILD SUPPORT UNTO BARBARA CLAUSEL WHICH IS IN EXCESS OF THE STATUTORY GUIDELINES SET FORTH IN MISS. CODE ANN. § 43-19-101?

¶5. Gary asserts in his first and only issue on appeal that the trial court erred in ordering him to pay Barbara $750.00 per month in child support for their two children. He argues that this amount is in excess of the statutory guidelines as set forth in Miss. Code Ann. § 43-19-101 which provides the following:

(1) The following child support award guidelines shall be a rebuttable presumption in all judicial or administrative proceedings regarding the awarding or modifying of child support awards in this state:

| Number of Children Due Support | Percentage of Adjusted Gross Income That Should Be Awarded For Support |
|---|---|
| 1 | 14% |
| 2 | 20% |
| 3 | 22% |
| 4 | 24% |
| 5 or more | 26% |

(2) The guidelines provided for in subsection (1) of this section apply unless the judicial or administrative body awarding or modifying the child support award makes a written finding or specific finding on the record that the application of the guidelines would be unjust or inappropriate in a particular case as determined under the criteria specified in Section 43-19-103.

Miss. Code Ann. § 43-19-101 (1993).

¶6. Miss. Code Ann. § 43-19-103 provides the criteria for overcoming the presumption that the guidelines are appropriate:

The rebuttable presumption as to the justness or appropriateness of an award or modification of a child support award in this state, based upon the guidelines established by Section 43-19-101, may be overcome by a judicial or administrative body awarding or modifying the child support award by making a written finding or specific finding on the record that the application of the guidelines would be unjust or inappropriate in a particular case as determined according to the following criteria:

(a) Extraordinary medical, psychological, educational or dental expenses.

(b) Independent income of the child.

(c) The payment of both child support and spousal support to the obligee.

(d) Seasonal variations in one or both parents' incomes or expenses.

(e) The age of the child, taking into account the greater needs of older children.

(f) Special needs that have traditionally been met within the family budget even though the fulfilling of those needs will cause the support to exceed the proposed guidelines.

(g) The particular shared parental arrangement, such as where the noncustodial parent spends a great deal of time with the children thereby reducing the financial expenditures incurred by the custodial parent, or the refusal of the noncustodial parent to become involved in the activities of

the child, or giving due consideration to the custodial parent's homemaking services.

(h) Total available assets of the obligee, obligor and the child.

(i) Any other adjustment which is needed to achieve an equitable result which may include, but not be limited to, a reasonable and necessary existing expense or debt.

Miss. Code Ann. § 43-19-103 (1993). This Court has said that an award of child support is a matter within the discretion of the chancellor and that determination will not be reversed unless the chancellor was manifestly wrong in his finding of fact or manifestly abused his discretion. *Gillespie v. Gillespie*, 594 So.2d 620, 622 (Miss. 1992). Furthermore, "[t]he process of weighing evidence and arriving at an award of child support is essentially an exercise in fact-finding, which customarily significantly restrains this Court's review." *Id.*

¶7. In the case sub judice, the court does not relate in its decree or otherwise give proof of financial ability to the award, nor does the court make findings with regard to the needs of the children. The award apparently is not based upon the application of the guidelines because the award exceeds the guidelines. There is also no finding contrary to the guidelines so that the guideline presumption is not overcome. The chancellor failed to make a specific finding on the record as to why the application of the guidelines would be unjust or inappropriate and, thus, the $750.00 a month award for child support was manifestly erroneous. *Draper v. Draper*, 658 So.2d 866, 870 (Miss. 1995).

¶8. This Court has held that the guidelines do not control per se the amount of an award of child support. *Draper*, 658 So.2d 869 (*citing* *McEachern v. McEachern*, 605 So.2d 809, 814 (Miss. 1992)). However, in this record there does not appear to be any reason that Gary should have to pay more than 20% of his adjusted gross income ($220.28) as provided by the guidelines. Child support in the amount of $750.00 per month for Gary's children seems to be excessive given his financial situation unless the evidentiary support is clearly present to justify the award. Further, the court made no specific finding as to Gary's financial ability. The chancellor offers no reason the child support award is nearly $530.00 a month above the amount suggested by the statutory guidelines. Therefore, because the chancellor did not relate in its decree or otherwise give proof of Gary's financial ability to pay the child support award, the judgment should be reversed and remanded for further findings as to Gary's income and expenses. "If the chancellor would make more on the record findings as to why he decides an issue or fact a certain way it would greatly decrease the chances of reversal of the decision by this Court." *Dufour v. Dufour*, 631 So.2d 192, 195 (Miss. 1994).

## CONCLUSION

¶9. In the case sub judice, the chancellor made no specific finding with respect to Gary's income. For this Court to affirm the award it would have to deal in pure speculation to undergird the chancellor's finding. "Based on the fact that the child support award is greater than the amount recommended by the guidelines and not supported by the record or the chancellor's findings, the child support award should be reversed and remanded." *Dufour*, 631 So.2d at 195. On remand, the chancellor's findings must be more specific with respect to Gary's income and expenses for a determination of child support.

¶10. **REVERSED AND REMANDED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, SMITH, MILLS AND WALLER, JJ., CONCUR.**