840 So.2d 111 (2003)
Jeffrey Lee SEELEY, Appellant
v.
Ginger Seeley STAFFORD, Appellee.
No. 2002-CA-00126-COA.
Court of Appeals of Mississippi.
March 4, 2003.
David Clay Vanderburg, Hernando, for appellant.
Kenneth E. Stockton, Hernando, for appellee.
*112 Before McMILLIN, C.J., BRIDGES, AND GRIFFIS, JJ.
GRIFFIS, J., for the Court.
¶ 1. In 1995, Jeffrey Lee Seeley ("Seeley") and Ginger Seeley Stafford ("Stafford") obtained an irreconcilable differences divorce. The parties' property settlement agreement provided that Stafford would have custody of their three children and that Seeley would pay $602 per month in child support. Thereafter, Seeley rarely met his monthly support obligation.
¶ 2. In 1999, Seeley filed a petition for modification asking the court to reduce his monthly child support obligation.[1] Stafford answered the petition and filed a counterclaim. The chancellor denied the modification, ruled that Seeley was in willful contempt and entered a judgment against Seeley for past due child support in the sum of $36,542.47, together with interest. Finding no error, we affirm the chancellor's decision.

FACTS
¶ 3. Jeffrey Lee Seeley and Ginger Seeley Stafford were married on July 22, 1989. During their marriage, they had three children. On January 3, 1995, the Chancery Court of DeSoto County entered a decree of divorce on the grounds of irreconcilable differences and accepted their property settlement agreement, which was incorporated in the divorce decree. Stafford was awarded custody of the children, and Seeley was obligated to pay Stafford $602 each month in child support.
¶ 4. From 1995 through 1997, Seeley failed to make any child support payments. In 1998 and 1999, several payments were withheld or garnished from Seeley's employer. The total amount of child support actually paid amounts to less than ten percent of his total obligation.
¶ 5. On January 19, 1999, Seeley filed his petition for modification. The chancellor denied the modification in child support, found Seeley in contempt for his failure to pay past due child support, and ordered Seeley to pay Stafford the sum of $35,396.97 in past due child support and $1,145.50 in past due medical expenses, for a total judgment in the sum of $36,542.47. The chancellor also ordered Seeley to continue to pay $602 per month in child support and an additional $275 per month toward the judgment on past due child support, for total monthly obligation of $877.
¶ 6. Aggrieved by the chancellor's decision, Seeley appealed.

STANDARD OF REVIEW
¶ 7. This Court will not disturb the findings of a chancellor when supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong, clearly erroneous, or an erroneous legal standard was applied. Denson v. George, 642 So.2d 909, 913 (Miss.1994). This is particularly true "in the areas of divorce and child support." Nichols v. Tedder, 547 So.2d 766, 781 (Miss.1989). This Court is not called upon or permitted to substitute its collective judgment for that of the chancellor. Richardson v. Riley, 355 So.2d 667, 668-69 (Miss.1978). A conclusion that we might have decided the case differently, standing alone, is not a basis to disturb the result. Id.

DISCUSSION
¶ 8. Seeley contends that the chancellor erred by not following the child support *113 guidelines contained in Miss.Code Ann. § 43-19-101 (Rev.2000). The statutory guideline for child support for three children is twenty-two percent (22%) of adjusted gross income. Miss.Code Ann. § 43-19-101(1) (Rev.2000). Based on his current income, Seeley contends that his monthly child support obligation should be $352.36.
¶ 9. An irreconcilable differences divorce may be granted:
[i]f the parties provide by written agreement for the custody and maintenance of any children of that marriage and for the settlement of any property rights between the parties and the court finds that such provisions are adequate and sufficient, the agreement may be incorporated in the judgment, and such judgment may be modified as other judgments for divorce.
Miss.Code Ann. § 93-5-2 (Rev.1994).
¶ 10. In the initial divorce decree, Seeley voluntarily agreed to pay monthly child support in the amount of $602. The decree, signed by both parties, clearly stated that the chancellor found that the terms contained therein were "fair and equitable to both parties, and makes adequate and sufficient provision by written agreement of all matters touching on the care, custody, maintenance and control of the minor children of the parties as well as disposing of all property of the parties hereto." Such an agreement, voluntarily entered by the parties and approved by the court, is enforceable as though entered by the court following contested proceedings. Bell v. Bell, 572 So.2d 841, 844 (Miss.1990). Absent fraud or overreaching, the parties in an irreconcilable differences divorce should be "allowed broad latitude" in arranging their property and financial matters. Id. When the parties have reached an agreement and the chancery court has approved it, this Court will enforce it and take a dim view of efforts to modify it, just as when parties seek relief from their contractual obligations. Id. Seeley did not challenge the initial decree on the basis of fraud or overreaching. Therefore, the initial decree must be enforced subject to subsequent modification.
¶ 11. Mississippi law on modification of divorce decrees is well settled. A modification can only occur if there has been a material or substantial change in circumstances of one or more of the parties. Thurman v. Thurman, 559 So.2d 1014, 1017 (Miss.1990). The change must occur as a result of after-arising circumstances of the parties not reasonably anticipated at the time of the agreement. Tingle v. Tingle, 573 So.2d 1389, 1391 (Miss.1990).
¶ 12. Shortly after their divorce, Seeley voluntarily left his job. He held various jobs through 1999 when he began employment with DeSoto County. He testified that his current gross wages were less than his previous employment, due to the amount of overtime worked, but his current hourly wage was higher. He also testified that he could get a higher paying job, or even a second job, if he wanted but he liked his current job because of the retirement benefits.
¶ 13. "The law is well-settled that, if an obligor, acting in bad faith, voluntarily worsens his financial position so that he cannot meet his obligations, he cannot obtain a modification of support." Parker v. Parker, 645 So.2d 1327, 1331 (Miss.1994). "Bad faith has generally been defined as an obligor's action to reduce income or assets for the purpose of jeopardizing the interests of his children." Id.
¶ 14. Seeley cites only one case, Clausel v. Clausel, 714 So.2d 265 (Miss.1998). In Clausel, the determination of the amount of child support was made by the chancellor after a contested hearing. Id. at 265
*114 (¶ 1). The supreme court reversed the chancellor because the chancellor failed to state his finding or reasons to support a monthly child support award in an amount that was $530 above the statutory guideline. Id. at 267 (¶ 9). Here, we do not review a chancellor's decision after a contested hearing. Instead, we review the terms which were voluntarily agreed to by the parties.
¶ 15. Seeley argues that since his monthly child support payment was $602 and twenty-two percent (22%) of his adjusted gross income was now $352.36, the chancellor was in error to refuse to modify the initial divorce decree. Seeley's argument and reliance on Clausel is misplaced for two reasons. First, his obligation to pay $602 per month was established as part of the initial divorce decree. The time for him to object to the monthly amount being greater than the statutory guideline was at the time of that decree. Seeley did not object; instead, he voluntarily executed the property settlement agreement. By doing so, Seeley represented to the chancellor that the amount of child support, and the other terms of the property settlement agreement, were fair, equitable and acceptable.
¶ 16. Second, a non-custodial parent may agree to pay child support in an amount greater than the guideline set forth in Miss.Code Ann. § 43-19-101 (Rev. 2000). Certainly, the parties have a right to agree to provide more support for their children than the guidelines require. We will enforce such agreements that are included in final judgments and will allow subsequent modification only upon a showing of appropriate circumstances that justify the modification. Accordingly, the chancellor correctly found no material or substantial change in circumstances to justify a reduction in Seeley's child support obligation.
¶ 17. Stafford contends that the "clean hands" doctrine prevents a complaining party from obtaining equitable relief when he is guilty of willful misconduct in the transaction at issue. Calcote v. Calcote, 583 So.2d 197, 199-200 (Miss. 1991). In Hooker v. Hooker, 205 So.2d 276, 278 (Miss.1967), the Mississippi Supreme Court held that:
[A] husband may not petition for modification of the original decree without showing either that he has performed it or that his performance has been wholly impossible.... However, a husband may exonerate himself from failure to make alimony or child support payments as ordered because of his inability to pay, but his evidence must be made with particularity and not in general terms.
Seeley's failure to pay over $35,000 in past due child support is sufficient evidence to support the chancellor's finding that he was guilty of willful misconduct, to hold him in willful contempt, and to refuse to grant his petition for modification. Finding no error, this Court affirms the chancellor's ruling.
¶ 18. THE JUDGMENT OF THE CHANCERY COURT OF DESOTO COUNTY IS AFFIRMED. STATUTORY DAMAGES AND INTEREST ARE AWARDED. ALL COSTS ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.
NOTES
[1] Seeley also petitioned the court to modify his visitation rights. The chancellor granted a modification in the visitation, which was not challenged on appeal.