881 So.2d 369 (2004)
Frederick Alan NEW, Appellant,
v.
Sabrina COMOLA, Appellee.
No. 2003-CA-01626-COA.
Court of Appeals of Mississippi.
August 31, 2004.
*370 Mark A. Chinn and Patricia R. Williams, Jackson, attorneys for appellant.
Cynthia A. Langston, attorney for appellee.
EN BANC.
MYERS, J., for the Court.
¶ 1. Frederick Alan New appeals from an order of the Chancery Court of Hinds County, Mississippi. The order directed New to pay Sabrina Comola seventeen percent of his gross income as child support every month, $600 per month toward child support arrearage in the amount of $33,050.22, $7,000 to comply with a personal property settlement entered into by Sabrina Comola and New and to provide current pay stubs every six months. New raises two issues for this Court's consideration: (1) did the chancery court err by awarding child support calculated from an agreement which contained an invalid escalation clause and (2) did the chancellor abuse his discretion by denying New's motion for a continuance?

STATEMENT OF FACTS
¶ 2. New and Comola were married on June 6, 1987, in New York City, New York. One child was born of the marriage, Sara Fagan New. The parties separated around February 1991 and entered into a settlement agreement on March 19, 1991. *371 On May 15, 1991, New and Comola agreed to an amendment to the settlement agreement which contained the following provisions:
The Husband (non-custodial parent) shall pay to the Wife (custodial parent) seventeen (17%) percent of his gross income, in accordance with the CSSA of the State of New York, to wit currently: the sum of $130.44 per week, each and every week for the support of the child of the parties.
This sum shall be increased at such time as the salary of the Husband increases, and that the Husband shall supply current pay stubs to the Wife no less than every six (6) months from the date thereof.
The foregoing provisions regarding child support shall be incorporated in any judgment of divorce herein, and all other terms and conditions of the Settlement Agreement shall continue in full force and effect.
¶ 3. New and Comola were granted a divorce based on cruel and inhuman treatment by the New York State Supreme Court on July 24, 1991. Comola was granted sole custody of the minor child. Both the settlement agreement and the amendment regarding child support were incorporated into the order of the court.
¶ 4. Due to a failure by New to comply with the divorce order, specifically his failure to make child support payments and provide current pay stubs, Comola sought legal recourse. A hearing was held on September 29, 2000, in the Chancery Court of Hinds County, Mississippi. Although New was properly served, he failed to appear. The court proceeded to hear the case in his absence and found that New had failed to pay Comola seventeen percent of his gross income as child support, New was in child support arrears of $19,889.45, New had not paid Comola $7,000 as directed by the property settlement agreement and New failed to provide Comola current pay stubs every six months in violation of the New York court order. The New York order was given full faith and credit and New was ordered to pay child support arrearage of $19,889.45 within thirty days of the entry of the order. New was also ordered to pay Comola $7,000 as directed by the property settlement agreement and seventeen percent of his gross income as child support. New failed to respond to and comply with the subpoena duces tecum issued by the court.
¶ 5. Comola filed a motion to hold New in contempt and to amend the order to reflect true arrearage and a hearing was held on January 10, 2001. The chancellor found that New fully and completely failed to comply with the court order dated October 2, 2000, and found New in willful contempt of court. The court amended the October 2000 order to reflect the true child support arrearage as being $33,050.52. The court ordered New to pay to Comola the delinquency of $40,050.52 (child support arrearage plus the $7,000 as per the property settlement agreement) plus 9.25% interest. A withholding order was issued by the court ordering New's employer to pay Comola seventeen percent of New's income and to provide pay stubs to her every six months. All other provisions of the October 2002 order were in effect.
¶ 6. A hearing was held on April 9, 2003, where New appeared without counsel. New requested a continuance in order to obtain counsel "to sort through this mess that we have," but the request was denied by the chancellor because New had appeared at the February 2001 hearing without an attorney and was granted a continuance to obtain counsel. The chancellor found that New had wholly failed to make any good faith effort to satisfy his $40,050.52 debt to Comola. The chancellor *372 ordered that in addition to paying seventeen percent of his monthly gross income to Comola, New was required to pay $600 per month towards the arrearage owed to Comola. All other provisions of the February 2001 order remained in effect.
¶ 7. Through counsel, New motioned the chancery court for a new trial or for relief on the basis that the judgment rendered should have been set aside because it contained an invalid escalation clause. The chancery court denied New's motion and it is from this denial that New now appeals to this Court for consideration of the issues.

STANDARD OF REVIEW
¶ 8. Our standard of review in domestic relations cases is limited by the substantial evidence/manifest error rule. This Court may reverse a chancellor's findings of fact only when there is no substantial credible evidence in the record to justify his findings. Our scope of review in domestic relations matters is limited in that this Court will not disturb a chancellor's findings unless manifestly wrong, clearly erroneous, or if the chancellor applied an erroneous legal standard. Tynes v. Tynes, 860 So.2d 325, 327(¶ 5) (Miss.Ct.App.2003) (citing Jundoosing v. Jundoosing, 826 So.2d 85, 88(¶ 10) (Miss.2002)).

LEGAL ANALYSIS

I. DID THE CHANCERY COURT ERR BY AWARDING CHILD SUPPORT CALCULATED FROM AN AGREEMENT WHICH CONTAINED AN INVALID ESCALATION CLAUSE?
¶ 9. New argues that the child support provision contained in the property settlement agreement agreed to and signed by he and Comola is unenforceable and void because it contains an invalid escalation clause. New contends that the judgment of the chancellor must be set aside. The agreement which New was a party to contained the following phrase: "The Husband (non-custodial parent) shall pay to the Wife (custodial parent) seventeen (17%) percent of his gross income, in accordance with the CSSA of the State of New York, to wit currently: the sum of $130.44 per week, each and every week for the support of the child of the parties. This sum shall be increased at such time as the salary of the Husband increases."
¶ 10. New brings this Court's attention to cases decided by our supreme court which held that in order for an escalation clause to be enforceable, it must be associated with certain factors such as: (1) the inflation rate, (2) the non-custodial parent's increase or decrease in income, (3) the child's expenses, and (4) the custodial parent's separate income. Bruce v. Bruce, 687 So.2d 1199, 1202 (Miss.1996) (citing Tedford v. Dempsey, 437 So.2d 410, 419 (Miss.1983)). New argues that because the clause contained in the settlement agreement only relates to an increase in his income as the non-custodial parent, it is an invalid escalation clause. While it is a correct statement of law that escalation clauses must be tied to the above factors, New's argument fails due to his willful failure to comply with court orders.
¶ 11. New has had ample opportunities to challenge the child support provision in the agreed settlement. Instead of challenging the provision, New agreed to it as evidenced by the amendment to the settlement agreement. New now asks this Court to excuse what the chancellor found as his "willful contempt" based on the invalidity of the child support provision. New appeared before the chancellor of Hinds County, Mississippi, on several occasions, without counsel. During those appearances, *373 New never challenged the validity of the child support provision.
¶ 12. New admits to this Court that he owes money to Comola for child support arrearage and for personal property but he has not paid. New has chosen to sit on his rights for thirteen years yet asks this Court for equitable relief from his obligations to support his child. In the Seeley case, a similarly situated parent was delinquent $35,000 in child support arrears and asked the Court for a modification in the amount of support. Seeley v. Stafford, 840 So.2d 111, 114 (¶ 17) (Miss.Ct.App.2003). This Court held that due to the equitable doctrine of clean hands, the parent was not due equitable relief in the form of modification. Id. Similarly to Seeley, New enters this Court with unclean hands due to his willful contempt and therefore the chancellor's order was in accordance with the maxims of equity.

II. DID THE CHANCELLOR ABUSE HIS DISCRETION BY DENYING NEW'S MOTION FOR A CONTINUANCE?
¶ 13. New argues that the chancellor abused his discretion by denying his motion for a continuance. The right to grant or deny a motion for continuance is within the discretion of the trial court. Shelton v. State, 853 So.2d 1171, 1181 (¶ 35) (Miss.2003) (citing Smiley v. State, 815 So.2d 1140, 1143-44 (¶ 14) (Miss.2002)). The appellate court will not reverse the trial court unless the ruling resulted in manifest injustice. Id.
¶ 14. New sought a continuance during the April 9, 2003 hearing before the chancellor in order to obtain an attorney "to sort through this mess." The chancellor denied New's request because New had been granted a continuance at a prior hearing in order to obtain counsel and he was again appearing before the chancellor without an attorney. The chancellor was not obligated to grant New another continuance. New has failed to exhibit to this Court what manifest injustice resulted from his denial of the continuance. The record reflects that the chancellor gave New an opportunity to obtain counsel and New chose to appear before the court without an attorney. The chancellor did not abuse his discretion by denying New's motion for a continuance.
¶ 15. THE JUDGMENT OF THE CHANCERY COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES, P.J., LEE, CHANDLER AND GRIFFIS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY. BARNES, J., NOT PARTICIPATING.