884 So.2d 791 (2004)
Gary Anthony RILEY, Appellant
v.
Dawnell H. RILEY, Appellee.
No. 2003-CA-01838-COA.
Court of Appeals of Mississippi.
October 5, 2004.
*792 Lawrence Primeaux, Meridian, Attorney for Appellant.
S Beauchamp T Jones, attorney for appellee.
Before BRIDGES, P.J., CHANDLER and GRIFFIS, JJ.
GRIFFIS, J., for the Court.
¶ 1. Gary and Dawnell Riley were granted a divorce in the Lauderdale County Chancery Court. Dawnell was awarded custody of the couple's two minor children, along with child support. Gary appeals the chancellor's final judgment. We find no error and affirm.

FACTS
¶ 2. Gary and Dawnell were married on June 12, 1993, and separated on April 9, 1999. On May 12, 1999, Dawnell filed for divorce on the ground of habitual cruel and inhuman treatment. At a hearing held on April 12, 2000, the chancellor found that Dawnell failed to establish her grounds for a divorce and denied the divorce. The chancellor then entered a separate maintenance order, which granted custody of the children to Dawnell and awarded her $450 per month in child support. A scheduled visitation order was also entered.
¶ 3. On April 17, 2001, Gary filed for divorce without reference to grounds. On September 11, 2001, Gary amended his complaint for divorce and added that he was entitled to a divorce on the ground of desertion or, in the alternative, irreconcilable differences. Gary also filed a motion for temporary custody of the minor children. dren several continuances, Gary filed a second amended complaint in which he asked for custody of the children and child support from Dawnell. Alternatively, Gary asked for a reduction in the child support payments due to a material change in circumstances. Gary also sought a modification of the transportation provisions of the visitation order.
¶ 4. After a hearing held on July 16, 2003, Gary was granted a divorce from Dawnell on the ground of desertion. The chancellor granted custody of the children to Dawnell, finding that Gary failed to meet the burden of proving a change in circumstances in the custodial home adverse to the children. Finding that Gary also failed to meet the burden of a material change in circumstances to warrant a modification of child support, the chancellor ordered Gary to continue paying $450 per *793 month to Dawnell. The chancellor found that there was insufficient proof to require a modification to the transportation provision of the visitation order.
¶ 5. Gary now appeals. He asserts that the chancellor erred in: (1) failing to Gary exclusive custody of the children to Gary or, in the alternative, joint custody (2) denying Gary a reduction in child support payments; and (3) finding that Gary failed to meet the burden of proof required to modify the visitation order.

STANDARD OF REVIEW
¶ 6. This Court's scope of review in domestic relations matters is strictly limited. Brawdy v. Howell, 841 So.2 1175, 1178(¶ 8) (Miss.Ct.App.2003). In matters concerning child custody, "this court will not reverse a chancery court's factual findings, be they of ultimate fact or evidentiary fact, where there is substantial evidence in the record supporting these findings of fact." Cooper v. Crabb, 587 So.2d 236, 239 (Miss.1991). Furthermore, the chancellor's findings will not be disturbed when supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong or clearly erroneous or applied an erroneous legal standard. Williams v. Williams, 656 So.2d 325, 330 (Miss.1995).

ANALYSIS

I. Whether the chancellor erred in failing to grant exclusive custody of the children to Gary, or in the alternative, joint custody.
¶ 7. We begin our analysis with the recognition that the chancellor's April 12, 2000 separate maintenance order granted Dawnell custody of the children. This order was not a temporary custody order but was a final judgment that established custody of the children. Therefore, Gary's complaint contained a request that the chancellor consider a modification of custody. To modify an award of custody, the non-custodial parent must prove that (1) a material change in circumstances has transpired since the issuance of the custody decree, (2) this change adversely affects the child's welfare, and (3) the child's best interests mandate a change in custody, Bredemeier v. Jackson, 689 So.2d 770, 775 (Miss.1997).
¶ 8. Gary argues that a material change occurred because Dawnell did not let him see the children as often as he would like. The chancellor found that the visitation order was enforced. The chancellor also found that Gary is allowed to see the children at other times as well.
¶ 9. Gary also asserts that he could provide a more stable home environment for the children, because he recently became a Christian and has become involved with various religious organizations. "A material change of circumstances of the party not having custody of the children is not in and of itself enough to warrant a change of custody." Bowden v. Fayard, 355 So.2d 662, 664 (Miss.1978). There must be a showing that a change of circumstances in the custodial home has occurred which materially affects the children's welfare adversely. Id.
¶ 10. Gary did not present any evidence of any material change of circumstances in the custodial home, adverse to the children or otherwise. Accordingly, we find no error in the chancellor's decision to denying Gary's request to modify the original custody decree.

II. Whether the chancellor erred in denying Gary a reduction in child support payments.
¶ 11. Child support may be modified if there has been a substantial or material change in the circumstances of *794 one or more of the interested parties since the entry of the original decree. Overstreet v. Overstreet, 692 So.2d 88, 92 (Miss. 1997).
¶ 12. The April 12, 2000 order established that Gary is to pay $450 per month in child support. This amounted to approximately 26% of his adjusted gross income. Gary asserts that there has been a material change in his circumstances because his gross pay has been reduced by $100 per month. In addition, Gary claims that there was an increase in his Social Security and Medicare withholdings and an increase in his life and health insurance premiums, totaling $101. Gary also argues that the chancellor erred in the original child support award because the statutory guidelines set the amount of child support for two children at 20% of adjusted gross income. Miss.Code Ann. § 43-19-101 (Rev.2000).
¶ 13. The chancellor found that a decrease in Gary's gross pay of $100 per month, coupled with the slight increase in his expenses, was not a material or substantial change to warrant a modification of child support. We find no persuasive evidence that the chancellor abused her discretion, was manifestly wrong or clearly erroneous, or applied an erroneous legal standard in this determination.
¶ 14. We also recognize that child support may be granted in excess of the statutory guidelines, so long as the chancellor makes a written finding on the record that the application of the guidelines would be unjust or inappropriate in a particular case as determined by the criteria set forth in Mississippi Code Annotated § 43-19-103 (Rev.2000). Unfortunately, we do not have the benefit of the record of the hearing that resulted in the original separate maintenance order. Nevertheless, the appropriate time for Gary to object to paying an amount above the statutory guidelines would have been when that order was entered. Seeley v. Stafford, 840 So.2d 111, 114 (¶ 15) (Miss. Ct.App.2003). In denying Gary's request to modify child support, the chancellor found that Dawnell had substantial expenses in raising the children. Particularly, the chancellor pointed out that Dawnell spent $440 per month on daycare. Her daycare expense alone required all except $10 of the child support, and Dawnell must still provide the necessities of food, clothing, and other related expenses. Therefore, we find no error in the chancellor's denial of Gary's request for a modification of his child support obligation.

III. Whether the chancellor erred in finding that Gary failed to meet the burden of proof required to modify the visitation order.
¶ 15. A court may modify a visitation order upon a showing that the prior decree for reasonable visitation is not working. Cox v. Moulds, 490 So.2d 866, 869 (Miss.1986).
¶ 16. A specific schedule for visitation was set in the April 12, 2000 separate maintenance order. Gary did not seek to modify the amount or times of visitation, rather his concern was with the transportation provisions of the prior order. The order required Gary to pick the children up from Dawnell's home and return them at the end of the visitation period. Gary claims that it would be better for the children if Dawnell provided some of the transportation because this would allow them to see their parents working together. In essence, his claim is that he is always blamed when there is a problem with transportation.
¶ 17. The chancellor found that there was no evidence to indicate that the current transportation provisions were not working or to support Gary's contention *795 that it would be better for the children to see Dawnell participate in their transportation. Thus, the chancellor denied Gary's request to modify the visitation order. We find no error in the chancellor's denial of a modification of the transportation provisions.
¶ 18. THE JUDGMENT OF THE CHANCERY COURT OF LAUDERDALE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER AND BARNES, JJ., CONCUR. ISHEE, J., NOT PARTICIPATING.