MYERS, J.,
for the Court.
¶ 1. Flora Banks, David Berry, Francis Ross and Lorraine Simon (collectively referred to as “Banks”) filed a lawsuit against Southern Farm Bureau Casualty Company, Mississippi Farm Bureau Mutual Insurance Company, Mississippi Farm Bureau Casualty Insurance Company, Jefferson County Farm Bureau, Rick J. Coulter, Tim Haire, and John Smith (collectively referred to as “Farm Bureau”), in the Circuit Court of Jefferson County, on October 8, 2002. Farm Bureau filed their motion for summary judgment on May 28, 2003. On September 29, 2003, the circuit court granted Farm Bureau’s motion for summary judgment. Banks appeals to this Court arguing that the circuit court erred in granting Farm Bureau’s motion for summary judgment.
¶ 2. Aggrieved by the judgment of the circuit court, Banks now appeals, raising the following two issues:
I. WHETHER THE CIRCUIT COURT ERRED IN DENYING BANKS’S MOTION FOR CONTINUANCE.
II. WHETHER THE CIRCUIT COURT ERRED IN GRANTING SUMMARY JUDGMENT AS BANKS’S CLAIMS ARE NOT BARRED BY THE “FILED-RATE DOCTRINE” AND ARE NOT BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS.
¶ 3. Finding no reversible error, we affirm the judgment of the circuit court.
*1096 FACTS
¶ 4. On October 8, 2002, Banks filed this lawsuit seeking redress against Farm Bureau alleging that Farm Bureau engaged in a fraudulent scheme and common course of conduct involving breach of contract, bad faith, fraud and deception. Banks claimed that Farm Bureau was perpetrating this scheme through the issuance of their automobile policies. Banks stated that the specific provision is called the “Automobile Disability Income Endorsement” (hereinafter referred to as “endorsement”). This endorsement is identified as “Coverage G: Disability Income.” The purpose of this endorsement is to provide coverage for income lost in the event of an automobile accident that renders the insured disabled for a specific period of time. Banks claimed that Farm Bureau engaged in trickery and deceit in the placement of this coverage in their policies. In addition Banks included eleven other issues in their complaint regarding Farm Bureau’s negligence. Banks amended their complaint on October 22, 2002, adding two additional issues of negligence.
¶ 5. On December 9, 2002, the Circuit Court of Jefferson County set this case for trial on October 8, 2003, and at that time also set a scheduling order which included that discovery was to be completed by June 20, 2003. Farm Bureau filed their motion for summary judgment on May 28, 2003. A hearing was held on this motion on June 16, 2003, at which time Banks argued they needed additional time to conduct discovery in order to respond to Farm Bureau’s motion for summary judgment. The circuit court granted Banks an additional thirty days to file a response to Farm Bureau’s motion for summary judgment. Rather than filing their motion on July 16, 2003, Banks filed another motion seeking an extension of time to respond.
¶ 6. On August 11, 2003, at the scheduled pre-trial conference the circuit court granted Banks another extension until August 15, 2003. The court also ordered Banks to submit an affidavit as contemplated by M.R.C.P. 56(f) outlining the importance and materiality of the information that Banks alleged they had not yet discovered. The circuit court ordered that the affidavit include the reasons why, as a matter of law, the information sought by Banks could potentially defeat Farm Bureau’s pending motion for summary judgment. Banks failed to comply with this requirement and again filed another request for continuance. Banks filed no substantive response to Farm Bureau’s motion for summary judgment. On September 29, 2003, the circuit court granted Farm Bureau’s motion for summary judgment.
LEGAL ANALYSIS
I. WHETHER THE CIRCUIT COURT ERRED IN DENYING BANKS’S MOTION FOR CONTINUANCE.
¶ 7. Banks contends that had a continuance been granted discovery would have been completed, which was critical to Banks’s claims. Banks also asserts that they suffered manifest injustice as a result of the denial of this continuance and therefore could not adequately respond to Farm Bureau’s motion for summary judgment. Farm Bureau asserts that they promptly responded to any and all requests for discovery and that Banks failed to describe a discovery request that was unprovided.
STANDARD OF REVIEW
¶ 8. The standard of review for a denial of a motion for continuance is abuse of discretion of the trial court. Shelton v. State, 853 So.2d 1171, 1181(¶ 35) (Miss.2003); Smiley v. State, 815 So.2d 1140, 1143-44(¶ 14) (Miss.2002). This Court will *1097 not reverse the ruling of the trial court unless the ruling resulted in manifest injustice. Id. Banks must show evidence of abuse of discretion for the trial court’s ruling to be reversed. See Brown v. Brown, 493 So.2d 961, 963-64 (Miss.1986).
DISCUSSION
¶ 9. The trial court granted Banks two continuances in this matter, and upon the second continuance, the trial judge ordered Banks to submit an affidavit under M.R.C.P. 56(f) outlining the importance and materiality of the information Banks alleged had not been discovered. Banks failed to follow the order of the trial court and again filed for another continuance. In order for this Court to reverse the ruling of the trial court, Banks must first show a manifest injustice. Lambert v. State, 654 So.2d 17, 22 (Miss.1995).
¶ 10. Banks argues that they were unable to respond to Farm Bureau’s motion for summary judgment because they had not received all the discovery. However, Banks offers no evidence to support their contention that Farm Bureau did not give them everything requested in discovery. At the June 16, 2003 hearing, Farm Bureau’s counsel agreed to give Banks any documentation requested, and as a result the trial court granted Banks an additional thirty days. There is no evidence to indicate that Banks took any steps toward gaining the discovery they claim to have critically needed in order to respond to Farm Bureau’s motion. The trial court repeatedly instructed Banks to explain why this information sought by them was material to the arguments presented by summary judgment. Banks never provided the trial court with an explanation to this request. The trial court was generous in the continuances that it did grant Banks, seeing that there is no evidence to support that Banks was using this continuance to gain additional discovery which they claim was so crucially needed. Banks has failed to show any manifest injustice resulting from the denial of this continuance. New v. Comola, 881 So.2d 369, 373(¶ 14) (Miss.Ct.App.2004). We find that the trial court’s denial of Banks’s motion for a continuance was not an abuse of discretion. Therefore, this issue is without merit.
II. WHETHER THE CIRCUIT COURT ERRED IN GRANTING SUMMARY JUDGMENT AS BANKS’S CLAIMS ARE NOT BARRED BY THE “FILED-RATE DOCTRINE” AND ARE NOT BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS.
¶ 11. Banks asserts that summary judgment was improper because Farm Bureau committed a tortious breach of contract, a breach of the duty of good faith and fair dealing, a breach of the fiduciary duty that Farm Bureau owed Banks, and fraudulent concealment. Banks also claims that the trial court erroneously applied the filed-rate doctrine to justify dismissing this case. Banks argues that they are not barred by the statute of limitations in this case because the statute does not begin to run until the fraud is discovered. Farm Bureau claims that no false representations were made to Banks, and Farm Bureau repeatedly informed Banks of the existence of the coverage in the endorsement through a renewal notice Banks received every six months. Therefore, Farm Bureau denies any fraud or breach of duties on their part.
STANDARD OF REVIEW
¶ 12. This Court follows a de novo standard of review of a trial court granting summary judgment. Owens v. Thomae, 904 So.2d 207, 208(¶ 7) (Miss.Ct.App.2005); *1098 Mozingo v. Scharf, 828 So.2d 1246, 1249(¶ 5) (Miss.2002). Summary judgment is proper when there are no issues of material fact and the movant is entitled to a judgment as a matter of law. Id.
DISCUSSION
¶ 13. Banks alleged that Farm Bureau is guilty of tortious breach of contract and breach of the duty of good faith and fair dealing. “Tortious breach of contract requires, in addition to a breach of contract, some intentional wrong, insult, abuse or negligence so gross as to constitute an independent tort.” Eselin-Bullock & Associates Ins. Agency, Inc. v. National General Ins. Co., 604 So.2d 236, 240 (Miss.1992); Southern Natural Gas Co. v. Fritz, 523 So.2d 12, 19-20 (Miss.1987). Banks has shown no evidence that Farm Bureau is guilty of tortious breach of contract; furthermore, Banks has shown no evidence that Farm Bureau even breached their contract. The endorsement in issue was unambiguously in the policy, described in the brochure and on each renewal notice sent to Banks. Also, the only claim made regarding this endorsement was by Flora Banks’s son. According to an affidavit signed by Jack C. Williams, senior vice-president for claims of Mississippi Farm Bureau Insurance Co., Flora Banks’s policy was reissued in her son’s name. Flora Banks’s son was injured on October 23, 2000, and he therefore received $810 under this endorsement. Farm Bureau paid that claim in accordance with the policy terms. Banks also argues that Farm Bureau breached the duty of good faith and fair dealing, because the endorsement would never provide benefits. This contention is simply erroneous. Farm Bureau has already paid in accordance with the endorsement, as mentioned previously. Banks was never injured in a way in which the endorsement in issue would pay. Therefore, there is no evidence to indicate that Farm Bureau tortiously breached their contract with Banks.
¶ 14. Banks claimed that Farm Bureau breached a fiduciary duty allegedly owed to them. “There is no fiduciary obligation between the insured and the insurer; that is an arm’s length contract between two parties.” Estate of Jackson v. Mississippi Life Ins. Co., 755 So.2d 15, 24(¶ 36) (Miss.Ct.App.1999). Banks therefore has no cause of action against Farm Bureau relating to a fiduciary relationship, because Farm Bureau owed Banks no fiduciary duty.
¶ 15. Banks implies that at no time were these alleged false and misleading statements corrected by Farm Bureau, and this concealment results in fraud. Banks goes further to assert that Farm Bureau affirmatively and actively concealed the misrepresentations of material fact. Banks however provides no evidence to prove this contention. Had Banks read the documents sent to them by Farm Bureau, they would have known of the endorsement in issue. Even if Banks had not read their entire policy, the knowledge of the contents are imputed to them as a matter of law. Cherry v. Anthony, Gibbs, Sage, 501 So.2d 416, 419 (Miss.1987). Mississippi law requires clear and convincing evidence to prove fraud. Id. at 420. “To establish fraudulent concealment in this state, there must be shown some act or conduct of an affirmative nature designed to prevent and which does prevent discovery of the claim.” Reich v. Jesco, Inc., 526 So.2d 550, 552 (Miss.1988). This endorsement was conspicuously in the policy. Banks also received a renewal notice every six months which noticeably included this endorsement. General allegations will not withstand a motion for summary judgment; the party opposing must bring forth significant evidence demonstrating a tri *1099 able issue of fact. Id.; Brown v. Credit Center, Inc., 444 So.2d 358 (Miss.1983). Banks’s evidence of fraud is only mere allegations and is therefore not sufficient for this Court to reverse the trial court’s decision.
¶ 16. Banks argues that the trial court erroneously applied the filed-rate doctrine to this case, since they are not arguing that the rate was excessive. However, during hearings before the trial court Banks stated that the rate for this endorsement is illegal. This argument took them straight to the filed rate doctrine. “Under the filed rate doctrine, any filed rate — that is, a rate approved by the governing regulatory agency- — -is per se reasonable and unassailable in judicial proceedings brought by ratepayers.” American Bankers’ Ins. Co. of Fla. v. Wells, 819 So.2d 1196, 1203-04(¶ 23) (Miss.2001). A jury is not allowed to second-guess the Mississippi Department of Insurance. Id.
¶ 17. Although Banks brought up rates during the hearing before the trial court, their brief claims that the coverage sold was “junk” and provided no real benefit to them. Banks provides no evidence to support this contention. The endorsement coverage has yet to benefit Banks, because Banks has not personally been disabled. However, Flora Banks’s policy was reissued to her son who was injured in accordance with the endorsement in issue and Farm Bureau paid the claim. Therefore, Banks’s argument that this coverage is “junk” is without merit.
¶ 18. As for the statute of limitations, Farm Bureau concedes that the statute of limitations does not bar this entire claim, only the claim of Flora Banks. There is no evidence to indicate that this dismissal was focused on the statute of limitations. The trial court explains in its order granting summary judgment that Banks must first prove that Farm Bureau was engaged in affirmative acts of concealment for the benefit of tolling the statute of limitations. Robinson v. Cobb, 763 So.2d 883, 887-88(¶ 21) (Miss.2000). Since Banks cannot prove that Farm Bureau engaged in affirmative acts of concealment, we find no need to address the statute of limitations issue.
¶ 19. THE JUDGMENT OF THE JEFFERSON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., BRIDGES AND LEE, P.JJ., CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. IRVING, J., NOT PARTICIPATING.