LEE, C.J.,
for the Court:
¶ 1. This case concerns a request for a child-support modification. The chancellor determined William Andrew Short was not entitled to a decrease in his child-support obligation and ordered him to continue paying $3,000 per month in support. We affirm.
FACTS AND PROCEDURAL HISTORY
¶2. William Andrew Short (Andy) and Kathryn Taylor Short (KT) were divorced on March 21, 2007. Included in the final divorce decree was a property-settlement agreement (PSA) previously entered into by the parties. This PSA made provision for the custody of the minor child, including setting child support at $50,000 per year, or $4,166 per month, and ordering Andy to pay other expenses of KT and the child. The PSA also stated that once the child reached kindergarten the child support would be reduced to fifteen percent of Andy’s adjusted gross income. The PSA further stated “in no circumstances shall the support payments of [fifteen percent] of [Andy’s] adjusted gross income fall below $36,000 per year.”
¶ 3. In December 2008, the parties agreed to a modification of child support in order to defer a portion of Andy’s child-support payments.[1] Andy was to pay $3,000 per month from October 1, 2008, through September 1, 2009; then his child-support payments would revert back to the provisions in the PSA. Andy further agreed to pay the deficit for these months in twelve equal installments from October 1, 2009, through September 1, 2010, in addition to his regular child-support payments of $4,166.
¶ 4. In March 2011, KT filed a complaint for contempt alleging that Andy was in arrears in his child-support payments. In response, Andy filed a motion for modification. During this period Andy and KT agreed to reduce Andy’s child-support payments to $2,000 until his request for modification was heard. Andy had been paying $3,000 per month since the child had entered kindergarten.
¶ 5. After a hearing on the matter, the chancellor determined Andy was not entitled to a decrease in his child-support obligation. Relying upon the evidence presented, the PSA, and other factors, the chancellor ordered him to continue paying $3,000 per month in support. Andy now appeals asserting the chancellor erred in setting child-support payments at $3,000 per month.
*1202 STANDARD OF REVIEW
¶ 6. A chancellor is afforded broad discretion in the area of modification of child-support obligations, and this Court will reverse only when the chancellor was manifestly in error, abused his discretion, or applied an erroneous legal standard. Wallace v. Wallace, 965 So.2d 737, 741 (¶ 10) (Miss.Ct.App.2007).
DISCUSSION
¶ 7. Andy argues the chancellor erred in setting his child-support payments at $3,000. Specifically, Andy contends that the chancellor disregarded the statutory child-support guidelines, the clause concerning child support in the PSA is contrary to Mississippi law, and the chancellor erred in determining his adjusted gross income.
¶ 8. A party seeking a child-support modification must show a material change in circumstances arising subsequent to the original divorce decree.[2] Pipkin v. Dolan, 788 So.2d 834, 837 (¶ 7) (Miss.Ct.App.2001). In his ruling, the chancellor applied the factors used to determine whether to modify child support. The factors to be considered are: “(1) increased needs of children due to advanced age and maturity; (2) increase in expenses; (3) inflation; (4) relative financial condition and earning capacity of the parties; (5) health and special medical needs of the child, both physical and psychological; (6) health and special medical needs of the parents, both physical and psychological; (7) necessary living expenses of the father; (8) estimated amount of income tax each party must pay; (9) free use of residence, furnishings and automobile; and (10) other facts and circumstances bearing on the support as shown by the evidence.” Powell v. Powell, 644 So.2d 269, 275 (Miss.1994)(citing McEachern v. McEachern, 605 So.2d 809, 813 (Miss.1992)).
¶ 9. In his opinion the chancellor thoroughly discussed each factor and supported his conclusions with findings of fact from the record. The chancellor also pointed out that Andy had signed the PSA, which stated “in no circumstances shall the support payments of [fifteen percent] of [Andy’s] adjusted gross income fall below $36,000 per year.”
¶ 10. The PSA in this case was incorporated into the divorce decree. In the original divorce decree in the case before us, the chancellor found the provisions of the PSA to “adequately and sufficiently provide for the custody and maintenance of the child.... ” See Miss.Code Ann. § 93-5-2(2)(Supp.2012)(a PSA may be incorporated into the divorce judgment if provisions for child support are “adequate and sufficient”). In Seeley v. Stafford, 840 So.2d 111, 113 (¶10) (Miss.Ct.App.2003), this Court said that when such an agreement has been approved by the chancellor, we “will enforce [the agreement] and take a dim view of efforts to modify it, just as when parties seek relief from their contractual obligations.” We stated further that “a non-custodial parent may agree to pay child support in an amount greater than the [statutory] guidelinefs].... ” Id. at 114 (¶ 16). “We will enforce such agreements that are included in final judgments and will allow subsequent modification only upon a showing of appropriate circumstances that justify the modification.” Id.
¶ 11. The chancellor concluded that Andy had agreed to the $3,000 mini *1203 mum and failed to prove that he was entitled to a modification. The chancellor noted Andy had incurred a loss of income but determined, under the relevant factors, that the circumstances did not warrant a downward modification. As previously stated, the chancellor thoroughly discussed each factor to determine whether Andy was entitled to a modification of child support. The chancellor found Andy failed to present sufficient evidence to justify a downward modification. Upon review of the record, we cannot find the chancellor abused his discretion in finding so.
¶ 12. Andy also contends the chancellor erred in determining his adjusted gross income by adding his monthly mortgage amount to his adjusted gross monthly income. However, it is clear from the record that the chancellor was aware of Andy’s monthly income. The chancellor was merely concerned that Andy’s monthly mortgage seemed excessive at $8,200 per month and was noting that Andy’s monthly income would be greater if he had lower monthly mortgage payments.
¶ 13. Finding no abuse of discretion by the chancellor in declining to reduce Andy’s current child-support payment of $8000 per month, we affirm.
¶ 14. THE JUDGMENT OF THE LEE COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., NOT PARTICIPATING.

. This particular modification is not an issue on appeal.

. In his brief, Andy states he has not appealed the issue of a material change in circumstances.