# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CA-01196-COA

**CHARLES HAROLD PONDER**                                                  **APPELLANT**

**v.**

**AMY MARIE SHARP PONDER**                                                  **APPELLEE**

DATE OF JUDGMENT:                07/16/2020
TRIAL JUDGE:                     HON. D. NEIL HARRIS SR.
COURT FROM WHICH APPEALED:       JACKSON COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:          LAUREN ELIZABETH KELLEY
ATTORNEY FOR APPELLEE:           E. FOLEY RANSON
NATURE OF THE CASE:              CIVIL - DOMESTIC RELATIONS
DISPOSITION:                     AFFIRMED IN PART; REVERSED AND
                                 RENDERED IN PART - 10/11/2022
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE WILSON, P.J., McCARTY AND SMITH, JJ.

### WILSON, P.J., FOR THE COURT:

¶1.    Three years after Charles and Amy Ponder obtained an irreconcilable-differences divorce, the chancery court entered an agreed order of modification providing that Amy would have physical custody of their minor daughter, that Charles would have visitation, and that the parties would continue to have joint legal custody. The order also provided that Charles's child support obligation would be "held in abeyance" for ninety days. At the time, Charles was not employed and was staying home to care for his other minor children. The agreed order directed Charles to notify Amy if he obtained employment during the ninety-day period "so that the appropriate court order [could] be entered for child support." The order also stated that if Charles did not obtain employment during the ninety-day period, Charles

was required to notify Amy, "and either party [could] take action as [might] be deemed in the best interest of the child." Charles did not obtain employment and never provided Amy with formal notice of that fact. After an additional eighteen months passed, Amy filed a petition for modification, requesting that the court order Charles to pay child support. The chancellor granted Amy's petition and ordered Charles to pay child support retroactive to the end of the ninety-day period of the prior agreed order. The chancellor also awarded Amy attorney's fees based on Charles's failure to notify her of his employment status at the conclusion of the ninety-day period.

¶2. On appeal, Charles argues that the chancellor erred by awarding Amy child support retroactive to a date prior to the filing of the petition for modification. He argues that Amy is not entitled to such relief as a matter of law and because she did not request it in her petition. In addition, Charles argues that there was no legal basis for the chancellor to award attorney's fees. For the reasons discussed below, we conclude that the chancellor did not err or abuse his discretion by awarding child support retroactive to a date prior to the filing of Amy's petition. However, we agree with Charles that there was no legal basis for an award of attorney's fees. Therefore, we affirm in part and reverse and render in part.

## FACTS AND PROCEDURAL HISTORY

¶3. Charles and Amy obtained an irreconcilable-differences divorce in 2014. The court approved their agreement to share joint physical and legal custody of their then-two-year-old daughter. Because the parties were granted joint physical and legal custody, neither party was required to pay child support to the other.

2

¶4. In 2016, Charles filed a petition to modify custody, and Amy filed a counterclaim for modification. In June 2017, the court entered an agreed order of modification that granted Amy physical custody and Charles visitation and provided that the parties would continue to share joint legal custody. The order also included the following provision regarding child support:

> [Charles] is presently staying at home with his minor children[1] and unemployed. His obligation to pay child support shall be held in abeyance for a period of ninety (90) days from the date of this Agreed Order. In the event that [Charles] shall secure employment during this period, he shall notify his counsel and provide a check stub or other similar documentation that will allow the computation of his child support obligation per the statutory guidelines. [Charles's] counsel shall notify [Amy's] counsel so that the appropriate court order may be entered for child support. In the event [Charles] does not secure employment during this period, his counsel shall notify [Amy's] counsel and either party make [sic] take action as may be deemed in the best interest of the child.

¶5. Charles did not obtain employment and failed to provide Amy with formal notice of that fact by September 2017, as required by the agreed order. Eighteen months later, in March 2019, Amy filed a petition for modification requesting that the court order Charles to pay child support. In August 2019, the court held a hearing on Amy's petition. At that time, Charles was still not employed and staying home to care for his minor children.

¶6. In January 2020, the chancery court entered a judgment in favor of Amy. The chancellor found that Charles "admitted that he and his former counsel failed to abide by" the agreed order's requirement to notify Amy of his employment status. Therefore, the

---

[1] Three minor children live with Charles and his current wife. They have one child together, and she has two other children, one of whom Charles has adopted. Charles's current wife testified that she earns approximately $150,000 per year as a nurse and that it is in their family's best interest for Charles to stay home with their children.

chancellor found that although "there [was] no contempt petition filed, [Charles came] to court with unclean hands." The chancellor ordered Charles to pay Amy child support of $451 per month[2] retroactive to September 2017—the end of the ninety-day period under the agreed order. The chancellor also found that Amy was entitled to attorney's fees due to Charles's failure to comply with the agreed order. The chancellor returned the case to the trial docket to resolve the issue of attorney's fees.

¶7.     Following a hearing on attorney's fees, the chancellor entered a final judgment for $13,079 in retroactive child support and $2,908 in attorney's fees. Charles filed a motion to amend the judgment, which was denied, and then filed a notice of appeal.

¶8.     On appeal, Charles argues that the chancellor erred by awarding Amy retroactive child support effective September 2017, eighteen months before Amy filed her petition for modification. He argues that Amy was not entitled to such relief as a matter of law and because her petition did not specifically request it. Charles also argues that there was no legal basis for the chancellor's award of attorney's fees.

**ANALYSIS**

¶9.     "[A]n award of child support is a matter within the discretion of the chancellor and . . . will not be reversed unless the chancellor was manifestly wrong in his finding of fact or manifestly abused his discretion." *Clausel v. Clausel*, 714 So. 2d 265, 266 (¶6) (Miss. 1998). "Furthermore, the process of weighing evidence and arriving at an award of child support is

---

    [2] The chancellor calculated child support by applying the statutory guidelines to Charles's "earning capacity" and "imputed income." On appeal, Charles does not contest the chancellor's findings or conclusions on these issues or otherwise contest the prospective award of child support.

essentially an exercise in fact-finding, which customarily significantly restrains this Court's review." *Id.* at 266-67 (¶6) (brackets and quotation marks omitted). However, "[q]uestions of law are reviewed de novo." *McKinney v. Hamp*, 268 So. 3d 470, 475 (¶19) (Miss. 2018).

¶10. In general, "[a] trial court's decision on attorneys' fees is subject to the abuse of discretion standard of review." *Bank of Miss. v. S. Mem'l Park Inc.*, 677 So. 2d 186, 191 (Miss. 1996). "However, where questions of law are raised, this Court conducts a de novo review." *Id.*; *accord Guardianship of O.D. v. Dillard*, 177 So. 3d 175, 180 (¶15) (Miss. 2015) ("When the imposition of attorney's fees raises a question of law, the standard of review is de novo.").

## I. Child Support

¶11. Charles argues that the chancellor erred by awarding Amy child support retroactive to September 2017, eighteen months before Amy filed her petition for modification.

¶12. The Legislature has provided that "[a]n upward retroactive modification [of child support] may be ordered back *to the date of the event justifying the upward modification*." Miss. Code Ann. § 43-19-34(4) (Rev. 2021) (emphasis added). Our Supreme Court has affirmed that this statute is valid and authorizes the chancellor to make an upward modification of child support retroactive to the date of the event justifying it. *McKinney*, 268 So. 3d at 477 (¶29). The Court has "suggested that 'the better rule is to allow modification amounting to an increase in support as of the date of the petition to modify or thereafter, within the sound discretion of the trial court.'" *Id.* (quoting *Lawrence v. Lawrence*, 574 So. 2d 1376, 1384 (Miss. 1991)). However, the Court held that within the limits established by

5

the statute, "[t]his is a discretionary call" for the chancellor. *Id.*[3]

¶13. Applying section 43-19-34(4) to the facts of this case, we cannot say that the chancellor abused his discretion by awarding child support retroactive to September 2017. Charles expressly agreed to the terms of the 2017 agreed order, which provided that his child support obligation would be "held in abeyance" for only ninety days and also contemplated that he would begin paying some amount of child support on or about September 2017. Therefore, the chancellor reasonably selected that date as the "date of the event justifying the upward modification." Miss. Code Ann. § 43-19-34(4). We certainly cannot say that he abused his discretion or manifestly erred by selecting that date.

¶14. Charles also claims that the chancellor's ruling impermissibly modified the 2017 agreed order more than two years after it was entered. Charles argues that the chancellor lacked the authority to amend or modify the 2017 agreed order under Mississippi Rule of Civil Procedure 60(b). This argument is without merit. The chancellor did not modify the 2017 agreed order. Rather, he exercised his discretion under section 43-19-34(4) to award retroactive child support.

¶15. Finally, Charles argues that the chancellor erred by granting a retroactive modification because Amy did not specifically request it. Charles correctly points out that "[i]n order to

---

[3] We note that *Lawrence*'s "better rule" predates the Legislature's enactment of section 43-19-34(4), which now expressly provides that "[a]n upward retroactive modification [of child support] may be ordered back to the date of the event justifying the upward modification." *See* 2000 Miss. Laws ch. 530, § 1 (S.B. 2840) (enacting section 43-19-34(4)). Based on the plain language of section 43-19-34(4) and the Supreme Court's 2018 decision in *McKinney*, we understand *Lawrence*'s "better rule" as, at most, a general rule of thumb, not a limit on the chancellor's discretion.

obtain child support, it must be requested in the pleadings or be tried by the consent of the parties." *Strong v. Strong*, 981 So. 2d 1052, 1054 (¶13) (Miss. Ct. App. 2008). Charles then asserts that the chancellor abused his discretion in awarding retroactive child support because "Amy did not pray for retroactive support in her petition" or request it at trial.

¶16. We disagree. Amy's petition for modification specifically requested that the court "order [Charles] to pay child support in accordance with the statutory guidelines." Charles cites no case holding that a petition to modify child support must expressly request retroactive modification. As set out above, the law is clear that the chancellor has discretion to make an upward modification retroactive "to the date of the event justifying the upward modification." Miss. Code Ann. § 43-19-34(4). Therefore, a petition seeking an upward modification is sufficient to put the opposing party on notice that a retroactive modification may be ordered. Accordingly, this argument is also without merit.

## II. Attorney's Fees

¶17. As noted above, the chancellor's initial ruling on Amy's petition for modification stated that although "there [was] no contempt petition filed, [Charles came] to court with unclean hands." The chancellor also stated that Charles should pay Amy's attorney's fees because he "did not sign the agreed order . . . in good faith." The only lack of "good faith" that the chancellor mentioned was Charles's failure to notify Amy that he had not obtained employment. In the final judgment awarding attorney's fees, the chancellor stated that Charles should pay Amy's attorney's fees because he failed to advise her of his lack of employment as required by the agreed order and "did not pay child support until [Amy] filed

7

the present action."

¶18.    "When a party is held in contempt for violating a valid judgment of the court, attorney's fees should be awarded to the party that has been forced to seek the court's enforcement of its own judgment." *Gregory v. Gregory*, 881 So. 2d 840, 846 (¶28) (Miss. Ct. App. 2003). "Fees awarded on this basis, though, should not exceed the expense incurred as a result of the contemptuous conduct." *Roberts v. Roberts*, 110 So. 3d 820, 828 (¶23) (Miss. Ct. App. 2013) (quoting *Evans v. Evans*, 75 So. 3d 1083, 1089 n.8 (Miss. Ct. App. 2011)). "That is, fees incurred litigating other matters—such as custody modification or child support—are not recoverable based on the contempt." *Heisinger v. Riley*, 243 So. 3d 248, 259 (¶45) (Miss. Ct. App. 2018).

¶19.    In the present case, contempt is not a basis for an award of attorney's fees because, as the chancellor acknowledged, Amy did not file a petition for contempt, and there was no finding of contempt.  Moreover, Amy did not incur any attorney's fees as a result of Charles's one failure to comply with the agreed order—his failure to notify Amy of his continued lack of employment.  Under the agreed order, if Charles did not become employed within ninety days, then he was merely required to notify Amy so that "either party [could] take action as may be deemed in the best interest of the child."  Thus, even if Charles had given Amy formal notice of his lack of employment, Amy still would have been required to file a petition for modification to establish child support.[4]  Accordingly, the chancellor also

---

[4] We also note that although Charles did not give Amy formal notice of his lack of employment at the end of the ninety-day period, there is no evidence that Charles ever deceived Amy regarding his employment status or that Amy was unaware of his employment status.  At the hearing, when Amy was asked "[w]hat happened" at the end of the ninety-day

erred by awarding Amy attorney's fees because Charles's actions did not "cause[] additional legal fees to be incurred." *Chesney v. Chesney*, 849 So. 2d 860, 863 (¶12) (Miss. 2002).

¶20. Nor is there any other legal basis for an award of attorney's fees in this case. There was no evidence or finding that Amy was unable to pay her attorney's fees. *See Hammett v. Woods*, 602 So. 2d 825, 829-30 (Miss. 1992) (holding that a chancellor may award attorney's fees in a modification action based on an inability to pay). Nor did Charles take any action that would have justified an award of attorney's fees under the Litigation Accountability Act, Miss. Code Ann. § 11-55-1 to -15 (Rev. 2019), or Rule 11 of the Mississippi Rules of Civil Procedure. Because there was no legal basis for an award of attorney's fees, the award of attorney's fees is reversed and rendered.[5]

**CONCLUSION**

¶21. The chancellor did not err or abuse his discretion by awarding child support retroactive to the date of the event justifying the modification. Therefore, the judgment awarding retroactive child support is affirmed. However, there is no legal basis for an award of attorney's fees. Therefore, the award of attorney's fees is reversed and rendered.

¶22. **AFFIRMED IN PART; REVERSED AND RENDERED IN PART.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR. McDONALD, J., CONCURS**

---

period, she responded that Charles "did not become employed." Given that Charles continued to exercise visitation with their child at all times, it is fair to assume that Amy was aware that he was not employed. Charles's failure to give formal notice pursuant to the agreed order did not prevent Amy from seeking child support at any time.

[5] Because we hold that there was no legal basis for an award of attorney's fees, we need not address Charles's other challenges to the award.

**IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**